IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CARLOS MEDINA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:19-CV-1085-WKW |
| | ) | [WO] |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.  INTRODUCTION

Carlos Medina, a federal inmate at the Maxwell Federal Prison Camp, filed this *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 on December 22, 2019.[1]  Doc. # 2.  Medina challenges the constitutionality of his conviction and sentence for conspiracy to commit health care fraud, entered following a guilty plea in the United States District Court for the Southern District of Florida.[2]  He claims he is "being held for 'offenses against laws of the United States' . . . notwithstanding the fact that petitioner[ ] [was] . . .

---

[1] Medina's petition was date-stamped received by this court on December 27, 2019. Medina represents that he submitted the petition on December 22, 2019.  Applying the prison mailbox rule, and no evidence to the contrary, the court deems the petition to be filed on December 22, 2019. *See Houston v. Lack*, 487 U.S. 266, 271–72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

[2] Medina's guilty plea was entered on January 8, 2016.  *See United States v. Medina*, Case. No. 1:15cr20424-CMA (S.D. Fla.).  On March 17, 2016, the district court sentenced Medina to 82 months in prison.  *Id.*  Medina prosecuted a direct appeal, which was dismissed in November 2016 by the Eleventh Circuit Court of Appeals, pursuant to Medina's appellate waiver in his plea agreement.  Medina next filed a petition for writ of certiorari, which was denied by the United States Supreme Court in June 2017.  In January 2018, Medina filed a 28 U.S.C. § 2255 motion in the district court.  *United States v. Medina*, Civil Action No. 1:18cv20188-CMA (S.D. Fla.).  The district court denied the § 2255 motion in April 2018, finding that Medina's claims lacked merit

charged with offenses allegedly injuring . . . the Florida Medicare Program" but alleging no injury to the United States so as to provide jurisdiction to the trial court.  Doc. # 2 at 2. For the reasons that follow, the undersigned concludes this case should be dismissed for lack of jurisdiction.

## II.  DISCUSSION

Federal courts have "an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990).  Although this action is brought as a habeas petition under 28 U.S.C. § 2241, the court must consider whether this action is properly styled as such, or if it is more appropriately considered as a motion to vacate under 28 U.S.C. § 2255.

Section 2241 provides an avenue for challenges to matters such as the administration of parole, prison disciplinary actions, prison transfers, and certain types of detention.  *See, e.g., Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351–52 (11th Cir. 2008) (petition challenging decision of federal Parole Commission is properly brought under § 2241); *Bishop v. Reno,* 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons' administration of service credits, including calculation, awarding, and withholding, involves execution rather than imposition of sentence, and thus is a matter for habeas corpus).  For purposes of venue, petitions properly filed under § 2241 must be brought in the district in which the petitioner is incarcerated.  *Rumsfeld v. Padilla*, 542 U.S. 426, 442–43 (2004).

In contrast, 28 U.S.C. § 2255(a) states:

> A prisoner in custody under sentence of a court established by an Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence* to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a) (emphasis added).  For actions properly considered under § 2255, venue and jurisdiction lie only in the district of conviction. 28 U.S.C. § 2255(a).

Medina's self-described habeas petition challenges the validity of his federal conviction and sentence.  Generally, a federal prisoner must bring any collateral attack on the legality of his conviction or sentence through a motion to vacate under § 2255 rather than a petition for writ of habeas corpus under § 2241.  *See McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017); *Venta v. Warden, FCC Coleman-Low*, 2017 WL 4280936, at *1 (11th Cir. 2017).  A petitioner challenging the legality of his federal detention may do so under § 2241 *only* if he shows that § 2255 would be an "inadequate or ineffective to test the legality of his detention."  *See* 28 U.S.C. § 2255(e) (the so called "saving clause"); *see also Johnson v. Warden*, 737 F. App'x 989, 990–91 (11th Cir. 2018).

Medina's claims challenging his conviction and sentence fall squarely within the realm of injuries that § 2255 addresses.  When a federal prisoner brings "a traditional claim attacking his [conviction or] sentence that he could have brought in a [§ 2255] motion to vacate, the remedy by [such] motion is adequate and effective to test the legality of his detention. . . .  Allowing a prisoner with a claim that is cognizable in a [§ 2255] motion to vacate to access [§ 2241] nullifies the procedural hurdles of section 2255 and undermines

the venue provisions." *McCarthan*, 851 F.3d at 1090. Thus, regardless of the label Medina has placed on his pleadings, his petition challenging his conviction and sentence must be construed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

Section 2255 remains Medina's exclusive remedy to bring his challenge to his conviction and sentence. Because he challenges a judgment entered in the United States District Court for the Southern District of Florida, jurisdiction to consider a § 2255 motion would lie only with that court. *See* 28 U.S.C. § 2255(a). This court, which sits in the Middle District of Alabama, lacks jurisdiction to consider a § 2255 motion challenging a conviction entered by the District Court for the Southern District of Florida.

Under 28 U.S.C. § 1631, a court that finds it lacks jurisdiction to entertain a civil action may, if it is in the interest of justice, transfer such action to any other court in which the action could have been brought when it was filed. However, a § 1631 transfer to the District Court for the Southern District of Florida would be futile in this case because AEDPA requires that a prisoner seek authorization to file a successive § 2255 motion in the court of appeals *"[b]efore* [such motion] is filed in the district court." 28 U.S.C. § 2244(b)(3)(A) (emphasis added); *see also id*. § 2255(h). The Eleventh Circuit has observed that this language in § 2244(b)(3)(A) may prohibit a § 1631 transfer of a successive application for collateral review. *See Guenther v. Holt*, 173 F.3d 1328, 1330 n.4 (11th Cir. 1999) (noting, in a case involving a successive 28 U.S.C. § 2254 habeas petition, that "there are concerns relating to the application of the plain language in 28 U.S.C. § 2244(b)(3)(A) requiring an applicant to move in the court of appeals *'[b]efore* a second or successive application [for a writ of habeas corpus] is filed in the district court'").

4

In January 2018, Medina filed a 28 U.S.C. § 2255 motion in the District Court for the

Southern District of Florida (the court of conviction) challenging the conviction and

sentence he challenges in the instant proceeding. *United States v. Medina*, Civil Action

No. 1:18cv20188-CMA (S.D. Fla.). That court denied Medina's § 2255 motion on the

merits in May 2018. *Id.* Medina presents no evidence that, before filing the instant action

in this court, he obtained permission from the Eleventh Circuit to file a successive § 2255

motion attacking his conviction and sentence.[3]

This court lacks jurisdiction to consider Medina's § 2255 motion, and a transfer to

the court of conviction, the United States District Court for the Southern District of Florida,

would be futile where Medina has not obtained permission to file a successive § 2255

motion. Under the circumstances, this court finds that the interest of justice does not

---

[3] In an order entered on January 7, 2020 (Doc. # 3), this court informed Medina that the claims in his self-designated § 2241 habeas petition are properly presented in a 28 U.S.C. § 2255 motion, in the court of conviction. This court, under the procedure outlined in *Castro v. United States*, 540 U.S. 375 (2003), notified Medina of its intention to treat his petition as a § 2255 motion, which would be subject to any procedural limitations for § 2255 motions, and directed him to advise the court whether he wished to proceed on his claims under § 2255, to amend his construed § 2255 motion to assert additional claims under § 2255, or to withdraw his construed § 2255 motion. *Id.* Medina filed a response stating that he wished to assert additional claims under § 2255 and requesting until February 22, 2020, to do so. On the date that this Recommendation is being entered, Medina has yet to assert additional claims under § 2255. In any event, the assertion of additional claims under § 2255 by Medina would be an act of futility where Medina has not obtained appellate court permission to file a successive § 2255 motion. Furthermore, because Medina has previously filed a § 2255 motion that was denied on the merits by the court of conviction, this court's "*Castro* order" of January 7, 2020 (Doc. # 3), which, as noted, warned Medina that his petition would be treated as a § 2255 motion and allowed Medina the option to assert additional claims under § 2255, was not required. *See United States v. Williams,* 185 F. App'x 917, 921 n.1 (11th Cir. 2006) (holding that no notice that a petition or motion designated as something else is being considered as a § 2255 motion is required because the petitioner previously filed a § 2255 motion, thus the rationale of protecting a petitioner from the restrictions on successive filings is inapplicable); *see also, e.g., Gray v. United States*, 2017 WL 5147627, at *2 n.2 (N.D. Ala. 2017) ("If this were Petitioner's first § 2255 motion, the undersigned would advise her that the petition would be re-characterized and give Petitioner the opportunity to amend or voluntarily dismiss. *See Castro v. United States*, 540 U.S. 375, 383 (2003). However, Petitioner requires no such warning, as she has previously filed multiple § 2255 motions attacking the same conviction she now challenges. *See id.*").

warrant a § 1631 transfer to the District Court for the Southern District of Florida and that dismissal of this action is proper.

### III.  CONCLUSION

Accordingly it is the RECOMMENDATION of the Magistrate Judge that Medina's petition, construed as a § 2255 motion, be DISMISSED, because this court is without jurisdiction to consider Medina's challenge to his conviction and sentence entered by United States District Court for the Southern District of Florida and the interest of justice does not warrant a § 1631 transfer to that court.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before March 12, 2020.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 27th day of February 2020.

/s/ Charles S. Coody

CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE